## CIRCUIT COURT OF ARLINGTON COUNTY

Michael T. Lee and
Minn J. Lee

v.

Charles E. Lake,
t/a Happy Craftsman

March 22, 1982

Case No. (Law) 22663

By JUDGE PAUL D. BROWN

This suit is brought by the Lees as homeowners against their contractor, Charles E. Lake t/a Happy Craftsman for the return of $6,050.00 paid under a contract for an addition to and partial renovation of a rental residence owned by the Lees.

The defendant denies a failure of performance.

The first issue is the defense that Lake was an unlicensed contractor under Code Section 54-113, *et seq.* and is therefore not entitled to recover in any event.

Lake was not licensed. The contract was entered into on February 10, 1981. Two days later, on February 12, 1981, both parties were present when Lee applied for a building permit. The county official advised them of the existence of the contractor's license statute. Work began thereafter.

Lake made brief testimonial reference to a new agreement under which he was to be an employee of Lee. This evidence was not credible.

Lake commenced work and built part of the addition shown in Exhibits P-3 and P-4.

There was no evidence that Lee was aware of the statute on February 10, 1981, and, since the burden of proving the defense is upon Lake, I find that Lee was

without actual knowledge of the Code Section on February 10, 1981, when the contract was signed.

Code Section 54-113 has gone through material changes since its first enactment. The first case decision under the statute occurred in *Bowen Electric Co.* v. *Foley*, 194 Va. 92 (1952), where the Court noted the general rule that a contract made in violation of a statute is void where there was nothing in the statute to indicate that the legislature did not intend to make the contract void.

A subsequent line of decisions narrowed the *Bowen* finding because of facts in the subsequent cases. Earlier versions of the statute make most of those cases inapplicable here. *See First Charter Land Corporation* v. *Middle Atlantic Dredging, Inc., et al.*, 218 Va. 304 (1977).

The present statute, Section 54-142, makes acts (1) - (6) in the Section a misdemeanor. Subdivision (A)(1) is inapplicable to a property owner who seeks to have work done upon his property. Sections (A)(2) - (5) are likewise inapplicable. Section (A)(6) creates the misdemeanor of "Receiving or considering, as the awarding authority a bid from anyone not properly licensed under this chapter." As noted, there is no evidence that on February 10, 1981, when the proposal was received and accepted, that the Lees knew of this statute.

Section (D) of the statute reads:

> No person shall be entitled to assert this section as a defense to any action at law or suit inequity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of this section.

By this addition to the statute, it is clear that the legislature did not intend that the contract be void under all conditions. Lee substantially performed by the payment of $6,050.00.

The payments made by Lee were as follows:

| | |
|---|---|
| 02/10/81 | $   200.00 |
| 02/24/81 | 500.00 |
| 02/24/81 | 500.00 |
| 03/05/81 | 2,850.00 |
| 03/18/81 | 2,000.00 |

Lee's performance was by the payment of these sums. The time of payment shows that all but $200.00 was paid after February 21, 1981, when he knew of the statute. The contractor is the party asserting the defense. The bar to asserting the defense set forth in Section (D) does not arise. Normally, Lee could recover at least *in quantum meruit* because he was without knowledge of the statute and because, by the total of his payments of $6,050.00, he had substantially performed.

However, the parties are *in pari delicto*. Lake had not begun any work when he heard the requirements of the statute in the Building Permit Office. No permit had been issued until after the statute was explained. Lee had paid only $200.00 at that point and, with full knowledge of the statute and that Lake would be violating it, Lee nevertheless went forward with his eyes open. Therefore, on the facts here presented, both parties chose to go forward in violation of the law[1] and, under general principles relating to this kind of statute and parties *in pari delicto*, the law will leave the parties where it finds them. See *Roller* v. *Murray*, 112 Va. 780 (1911); *Cohen* v. *Mayflower Corporation*, 196 Va. 1153 (1955); and *Williston on Contracts*, 3rd Ed., Vol. 14, Section 1630A.

Counsel for the defendant should prepare an Order of Dismissal with prejudice in light of this opinion.

---

[1] Subsection (A)(6) makes it an offense for an awarding authority to receive or consider a bid from anyone not properly licensed.